UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABUDU JOHN IGEIN,
    Plaintiff,

v.                                                    Case No.: 3:25cv2599/TKW/ZCB

AMAZON KINDLE
DIRECT PUBLISHING,
et al.,
    Defendants.
    _____/

## REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil action. Before the Court is Plaintiff's amended complaint. (Doc. 6). The Court is required to screen the amended complaint to determine if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Upon a review of the amended complaint, the Court finds that it is an impermissible shotgun pleading. Because Plaintiff previously submitted a shotgun pleading and was notified of the deficiencies and provided an opportunity to amend, (Doc. 5), this case should be dismissed.

## I. Discussion

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). And Rule 10(b) requires a plaintiff to "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And district courts have the "authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The Eleventh Circuit has explained that there are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each

cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324-25 (cleaned up). What all four types of shotgun pleadings have in common is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). And dismissing shotgun pleadings (or requiring a more definite statement) is necessary because "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together" a plaintiff's claims. *Barmapov*, 986 F.3d at 1327-28 (Tjoflat, J., concurring).

Plaintiff's amended complaint falls into at least two of the categories of shotgun pleadings. First, it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Barmapov*, 986 F.3d at 1324-25.

Plaintiff's amended complaint brings four different counts against Defendants. (Doc. 6 at 4-5). Plaintiff, however, expressly realleges all prior allegations in each of his counts. (*See id.* at ¶¶ 16, 22, 27, 32) (realleging in all prior allegations).

This is problematic because by incorporating all prior allegations, Plaintiff's amended complaint "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before[.]"[1] *Barmapov*, 986 F.3d at 1324-25. Pleading in such a way causes Plaintiff's "last count"—Count IV—"to be a combination of the entire complaint." *Id.* at 1325; *see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (finding a shotgun pleading realleging all prior allegations leads "to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions"). This "mortal sin of re-alleging all preceding counts" is

---

[1] "The court notes that incorporating previous counts and large sections of a pleading into subsequent counts, by itself, does not necessarily render a pleading 'shotgun.'" *McCullers v. Koch Foods of Alabama, LLC*, No. 1:24-CV-01496-RDP, 2025 WL 1436571, at *8 (N.D. Ala. May 19, 2025) "But, incorporating large swaths of allegations *and* 'rolling' counts into other counts 'down the line' can do just that." *Id.* (emphasis in original).

4

flatly prohibited. *Weiland*, 792 F.3d at 1322; *see Keith v. DeKalb Cnty., Georgia*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading—the sort of pleading we have been roundly condemning for 30 years.").

Second, the amended complaint "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1325 (cleaned up). Plaintiff lists two Defendants in his amended complaint: (1) Amazon Kindle Direct Publishing; and (2) Amazon.com, Inc. (Doc. 6 at 1). But Plaintiff's allegations and counts reference only "Amazon" or "Defendants." (*Id.* at 2-6). Plaintiff fails to specify which of the two Defendants he refers to or, if he is referring to all Defendants, how each Defendant contributed to the alleged violation. Plaintiff's strategy of grouping Defendants together without specifying the actions of each Defendant is insufficient because Plaintiff fails to specify "which of the defendants are responsible for which acts or omissions, or which of the

5

defendants the claim is brought against."[2] *Barmapov*, 986 F.3d at 1325 (cleaned up).; *see also Magnum Constr. Mgmt., LLC v. WSP USA Sols., Inc.*, 522 F. Supp. 3d 1202, 1207 (S.D. Fla. 2021) ("[T]he Complaint makes no individual allegations against any of the Defendants. Instead, it refers throughout only to 'Louis Berger,' which the Complaint defines to mean all Defendants collectively. Because the Complaint alleges at least The Louis Berger Group, Inc. to be a separate, legally distinct entity, the Complaint's allegations against Defendants collectively as 'Louis Berger' impermissibly lump them together and render the Complaint a shotgun pleading.") (citation omitted); *Mason v. Midland Funding LLC*, No. 1:16-CV-02867-CC-RGV, 2017 WL 6994577, at *13 (N.D. Ga. July 27, 2017) (finding as a shotgun pleading a complaint replete with allegations

---

[2] *See also Schmidt v. Disney Parks, Experiences & Prods., Inc.*, 721 F. Supp. 3d 1314, 1323 (M.D. Fla. 2024) ("[N]othing in the pleading rules prohibits lodging the same claim against multiple defendants if they are all alleged to have participated in the same acts rising to the claim. However, unless it is possible that all defendants could have engaged in the same conduct, a complaint that lumps together the defendants will be found to be a shotgun pleading.") (cleaned up), *aff'd*, 2025 WL 1826050 (11th Cir. July 2, 2025); *Swanson v. Cobb Cnty. Dep't of Fam. & Child. Servs.*, No. 1:21-CV-04978-JPB, 2023 WL 2169044, at *4 (N.D. Ga. Feb. 21, 2023) ("Plaintiff is permitted to assert a single count against multiple defendants; however, Plaintiff *must identify what precise conduct is attributable to each individual defendant separately in each count*.") (emphasis added).

against 'Defendants' and 'Encore Capital,' which plaintiffs defined to include a parent company and several of its wholly-owned subsidiaries, because it did not specify which defendant was responsible for which specific act), *adopted*, 2017 WL 8186866 (N.D. Ga. Sept. 29, 2017).[3]

For the reasons above, Plaintiff's amended complaint is a shotgun pleading. It fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018). The Court recognizes that Plaintiff is proceeding *pro se* and that *pro se* pleadings are "liberally construed." *Nalco Co. LLC v. Bonday*, 142 F.4th 1336, 1341 (11th Cir. 2025). But *pro se* litigants are still "required to conform to procedural rules." *Roy v. Ivy*, 53 F.4th 1338, 1346 (11th Cir. 2022). And a court is not tasked with rewriting a deficient pleading, even if brought by a *pro*

---

[3] *See also Prolow v. Aetna Life Ins. Co.*, 510 F. Supp. 3d 1303, 1310 (S.D. Fla. 2021) ("Defendants are correct that the Complaint impermissibly lumps the two Defendants together. Each Defendant is alleged to be [a] distinct legal entit[y], but the Complaint does not adequately differentiate between Defendants nor inform each Defendant separately of the allegations that apply to it.") (citation omitted); *Cellco P'ship v. Plaza Resorts Inc.*, No. 12-81238-CIV, 2013 WL 5436553, at *7 (S.D. Fla. Sept. 27, 2013) ("Although the Complaint states that the entities are 'affiliated' and 'act in concert' with each other, these statements are simply too conclusory.").

*se* party. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Plaintiff previously filed a shotgun pleading (Doc. 1), was told of the deficiencies in this pleading, and provided with an opportunity to cure those deficiencies by filing an amended complaint. (Doc. 5). Plaintiff was also advised that a failure to correct the identified deficiencies would result in a recommendation of dismissal. (*Id.* at 14). Plaintiff, however, has filed an amended complaint that suffers from the same type of deficiencies as his initial complaint. Thus, dismissal is warranted.[4] *See*

---

[4] Before the issuance of this Report and Recommendation, Plaintiff moved for leave to file a supplemental complaint under Fed. R. Civ. P. 15(d) to add claims against a new Defendant—Iron Fleet DSP LLC. (Doc. 9). Plaintiff's motion references the proposed supplemental complaint being filed as Exhibit H. (*Id.* at 4). But there is no Exhibit H included with Plaintiff's motion to supplement. (*See id.* at 9-15). Instead, Plaintiff filed alongside his motion a proposed second amended complaint. (Doc. 10). This proposed pleading, however, does not list Iron Fleet as a Defendant nor does it include any allegations against it. (*Id.*). Thus, it is entirely unclear whether this filing is intended to serve as the supplemental complaint or as a second amended complaint. To the extent Plaintiff is using his motion to supplement as the supplemental complaint, he is still improperly engaging in shotgun pleading because the filing incorporates all prior allegations by reference. (Doc. 9 at 4) (incorporating "prior allegations by reference"). And Plaintiff's proposed second amended complaint is also an improper shotgun pleading for the same reasons already discussed in this Report and Recommendation—namely, because it incorporates all prior allegations by reference and asserts claims against multiple Defendants without specifying which of

*Jackson*, 898 F.3d at 1358 (explaining that the district court should "give the plaintiff one chance to remedy such deficiencies" before dismissing the complaint as a shotgun pleading); *see also Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("There is no indication that, given a third bite at the apple, [Plaintiff] would correct the numerous deficiencies in his complaint.").

## II. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's amended complaint (Doc. 6) be **DISMISSED without prejudice**[5] as an impermissible shotgun pleading.

2. All pending motions be **DENIED as moot**.

---

the Defendants are responsible for which acts or omissions, or which of the Defendants the claim is brought against. ((Doc. 10 at ¶¶ 16, 22, 27, 32) (realleging all prior allegations); *id.* at 2-6 (using the phrases "Defendants" or "Amazon" without specifying which Defendant(s) Plaintiff is referring to). Accordingly, Plaintiff's motion to supplement and proposed second amended complaint do not change the conclusion that this action should be dismissed without prejudice for impermissible shotgun pleading. Because the Court recommends dismissal without prejudice, Plaintiff can re-file *all* of his claims against all Defendants in a single and procedurally proper complaint in a new case.

[5] *See Makozy v. United Parcel Serv.*, No. 24-13649, 2025 WL 1873311, at *2 n.3 (11th Cir. July 8, 2025) ("A dismissal without prejudice generally is not an abuse of discretion, even for a single procedural violation, because the affected party may simply refile.").

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 20th day of January 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.